UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:    1:23-cv-22075

AT LAW AND IN ADMIRALTY

BRENDA WALKER,

      Plaintiff

v.

 ROYAL CARIBBEAN CRUISES LTD,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff BRENDA WALKER hereby sues the Defendant ROYAL CARIBBEAN CRUISES LTD and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1.     This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorneys' fees.

2.     **THE PLAINTIFF.**  The Plaintiff BRENDA WALKER (hereinafter referred to as "Plaintiff" or "WALKER") is *sui juris* and is a citizen and resident of Buffalo, Minnesota for purposes of diversity.

3.     **THE DEFENDANT.**  The Defendant ROYAL CARIBBEAN CRUISES LTD. (hereinafter referred to as "Defendant" or "RCCL") is a foreign corporation incorporated in Liberia, but does business in the State of Florida, and at all times material hereto was and is doing

business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4.      **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333.

5.      **VENUE AND PERSONAL JURISDICTION.** This action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6.      All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7.      **DATE OF THE INCIDENT.** The incident occurred on July 23, 2022.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel Royal Caribbean's *Ovation of the Seas*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's incident occurred in the dining area near the SeaPlex Dog House food station on Deck 15.

9. **STATUS OF PLAINTIFF AS OF THE DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

10. **DESCRIPTION OF THE INCIDENT.** On July 23, 2022, RCCL's chair in the public sitting area near the Dog House food station on Deck 15 on the *RCCL Ovation of the Seas* collapsed causing WALKER to suffer severe and permanent injuries. These chairs are constructed of one molded tub or seat with 4 legs.  Upon information and belief, each leg of the chair has a threaded bolt one end of which is embedded in the leg and the other end of which protrudes out of the leg.  The part of the bolt which protrudes out of the leg is threaded.  The threaded part of the bolt threads into a nut which is mounted inside the molding of the seat.

11. Each of the legs of the chair is angled out away from the chair.  That means that whenever anyone sits in the chair, an angled and a shearing or twisting force (torque) is asserted on the bolt which holds the leg to the seat.  Over time, those angled forces on the bolts attaching the legs causes the metal to fatigue, crack, and eventually fail by shearing off the bolt. This process takes place over time with the incidents of stress on the chair, that is, people sitting on the chair.  When any of the bolts fail, the leg which is being held on by that bolt will come loose and the chair will tilt and fall forward or backward depending on whether the failed leg is in front or back of the chair.

3

12.     The failure of the legs of the chair is predictable and preventable.  Because of the metal fatigue on the bolts which occurs over time, these chairs must be inspected and replaced or repaired on a regular basis.  The inspection should be to determine whether the leg, including the bolt holding the leg to the molded tub or seat, is loose and whether the bolt is cracked or showing signs of fatigue or stretch in any other way.

13.     Here, a bolt holding one such chair leg sheered-off underneath the molded seat.  This sheering of the bolt was from forces causing metal fatigue over an extended period of time of months if not years.  The leg which failed and became detached from the seat is one of the legs in front of the chair.   When that front leg became detached, the chair fell forward and dumped the Plaintiff who was sitting in the chair forward onto the hard floor.

14.     WALKER and her family went on the subject cruise to celebrate her Husband's retirement. The Walker family had gathered in a central location prior to going to dinner. The family sat in a public seating area near the Dog House food station. WALKER sat in a chair provided by RCCL for passengers to use for a brief period of time. The leg attached to the chair snapped off causing the chair to suddenly collapse. WALKER did absolutely nothing to cause the collapse. The chair was used in the manner in which, if not for negligent maintenance, it should not have broken. The chair collapsing caused WALKER to fall violently to the ground. A crewmember working at the Dog House food station named Dustin came over after witnessing the fall and collected the defective chair. A Security Officer also met with the Walker family. The Security Officer informed the family that the subject chair had been on the ship for a long time and needed to be replaced prior to the incident occurring.

15.     Despite being on notice that these chairs experience metal fatigue over time and present a danger to passengers, RCCL placed this dangerous chair in a high traffic public area and

failed to reasonably replace the chair overtime. RCCL failed to routinely maintain or inspect this chair. RCCL also failed to warn passengers that they were not reasonably or routinely maintaining, inspecting and/or replacing the furniture onboard the *RCCL Ovation of the Seas*. RCCL also failed to warn WALKER that previous RCCL passengers have been injured by worn out and poorly maintained furniture onboard RCCL's ships.

16.      **ADDITIONAL CIRCUMSTANCES.** The *RCCL Ovation of the Seas* is a cruise ship which was custom built to the specifications of RCCL and first put into service on or about February 18, 2016.  The *Ovation of the Seas* has a capacity for over 4000 passengers.  As part of its regular operation of the *Ovation of the Seas* RCCL must select and maintain furniture, including chairs, which are commonly found at public sitting areas near bars and restaurants aboard *RCCL Ovation of the Seas*. At all times material hereto RCCL purchased, controlled the purchase, and/or had the right to inspect and/or reject any and all chairs and furniture which were outfitted on the *RCCL Ovation of the Seas* during initial construction and during all dry docks thereafter.  Thus, RCCL owed its passengers a reasonable duty to maintain the chairs at all sitting areas in safe working order including before and through the date of the subject incident in this case.

17.      RCCL, at all times material hereto, was the only entity in control of the subject chair which was a fixture of the ship exclusively operated by RCCL. At all relevant times, the subject chair was exclusively RCCL's responsibility to upkeep and maintain. Lastly, this incident was one which would not have occurred but for negligence on the part of RCCL in failing to maintain the subject chair.  RCCL's chairs over time are repeatedly subjected to humidity, cleaning chemicals and other substances which degrade the components of RCCL's furniture. RCCL chairs are also exposed to frequent and repeated use. These chairs are in a public sitting area and, upon information and belief, are available for the 4000 passengers to use 24 hours a day. RCCL's ships are operated close to, if not

a full, 365 days a year. RCCL has notice that the furniture onboard its ships deteriorate over time and becomes unsafe for passengers to use due to these and other conditions. RCCL has notice that furniture onboard experiences metal fatigue and must be reasonably and routinely inspected to prevent harm to passengers.

18.     At all material times, the subject chair was defective and in a condition foreseeably dangerous to passengers sitting on it in that it was improperly designed, installed, manufactured, inspected and/or maintained, so that it was unable to hold passengers foreseeable weight, such as Plaintiff, without collapsing.  At all times material hereto, WALKER was without blame and did not cause or contribute to her fall or injuries.  WALKER simply sat on a chair in a normal fashion which RCCL provided for her use when the chair suddenly gave way due to the metal fatigue that occurred over a long period of time.  RCCL, at all times material hereto, was the only entity in control of the subject chair which was a fixture of the ship exclusively operated by RCCL. At all relevant times, the subject chair was exclusively RCCL's responsible to inspect, upkeep, and maintain. Lastly, this incident was one which would not have occurred but for negligence on the part of RCCL in failing to maintain, inspect, and/or replace the subject chair.

19.     Ultimately, RCCL's failure to take reasonable action to inspect, maintain, repair or replace the subject chair on or before the incident on July 23, 2022 and RCCL's failure to warn WALKER that the chair was unsafe for sitting caused WALKER to suffer a fall from the subject chair.  The impact resulted in WALKER violently landing on her back and caused her to undergo surgery to revise a spinal cord stimulator implant.  RCCL's negligence proximately caused WALKER permanent and serious injuries and damages.

20.     **NOTICE: PRIOR SIMILAR INCIDENTS.**  RCCL had notice of the dangerous condition of unmaintained furniture on the *Ovation of the Seas* from prior similar incidents. RCCL

6

documents incidents in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. Examples of prior similar incidents known to date include the following:

    a.   Passenger Michael Meadors was injured on August 7, 2017, when a dangerous unmaintained stool on board the *RCCL Adventure of the Seas* collapsed during use. *Michael Meadors v. Royal Caribbean Cruises Ltd.*, Case Number 1:18-cv-23170-UU.

    b.   Passenger John Elardi was injured on June 1, 2018, when a couch in the concierge lounge collapsed during use on board the *RCCL Explorer of the Seas*. *John Elardi v. Royal Caribbean Cruises Ltd.*, Case Number 1:18-cv-24187-DLG.

    c.   Passenger Tyrone Righter was injured when a chair in the dining room collapsed during use on board the *RCCL Symphony of the Seas*. *Tyrone Righter v. Royal Caribbean Cruises Ltd.*, Case Number 1:20-cv-24712.

    18.    **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.**

Additionally, RCCL had notice about the dangerous condition because of the length of time that the condition existed. In order for the leg of the chair to wear down and shear off, the chair had existed in the same or similar dangerous condition for a significant period of time before the Plaintiff's incident. The chair had a fatigue crack which was reversed bending. This crack propagated till there was little to no material left to support passengers. This metal fatigue occurred over an extended period of time. RCCL had the opportunity to correct this condition by repairing or replacing the chair or warning passengers of the danger.

19.   **NOTICE: CREWMEMBERS IN THE VICINITY OF THE SUBJECT AREA.**   Additionally, RCCL had notice about the dangerous condition because there were crewmembers in the area. Upon information and belief, crewmembers are assigned to clean, monitor, and maintain the subject area. Additionally, crewmember Dustin was in the vicinity before, during, and after the incident. Crewmembers working in the area were in a position to examine the dangerous chair and repair or remove the hazard.

20.   **NOTICE: POLICIES, PROCEDURES, AND TRAINING.**   Additionally, RCCL had notice of the dangerous condition because the cruise line has policies, procedures, and trainings applicable to the subject area that crewmembers are to inspect and maintain the area in a safe condition.  RCCL specifically trains its crewmembers to inspect and maintain the furniture and fixtures.

21.   **NOTICE: ON-GOING, REPETITIVE PROBLEM.**   Additionally, RCCL had notice of the dangerous condition from experience that passengers get injured due to unmaintained furniture on a repetitive basis and are thus this is a foreseeable condition. This is shown by prior shipboard medical records, shipboard meeting notes, passenger complaints, safety reports, and other documentation RCCL collects and keeps.

22.   **NOTICE: SAFETY OFFICER'S STATEMENT.** Additionally, RCCL had notice of the dangerous condition as shown by the RCCL safety officer's statement. The safety officer stated that the subject chair was very old and should have been replaced prior to this incident. RCCL and its crewmembers were aware that this chair was in need of replacement prior to WALKER's incident and were in the position that they may easily and reasonably remove, replace, repair, maintain, and/or inspect the chair to eliminate the dangerous condition.

## COUNT I
## GENERAL NEGLIGENCE

23.     The Plaintiff, WALKER, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

24.     This is an action against RCCL for its general negligence.

25.     **DUTIES OWED BY RCCL.**  RCCL owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. RCCL owes a duty to reasonably and routinely inspect the furniture onboard its ships. RCCL owes a duty to maintain the furniture onboard in a reasonably safe condition. RCCL owes a duty to take proper precautions to replace dangerous furniture onboard. RCCL owes a duty of reasonable care under the circumstances.

26.     RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs **17-22** above and incorporated herein.

27.     Because RCCL had notice of the foreseeable metal fatigue and the stress of the metal attachments of these chair legs on these chairs RCCL's duties include reasonably and routinely inspecting the chair legs on a regular basis. Each of these inspections should have been and should be individually documented.

28.     **RCCL BREACHED ITS DUTIES.**  RCCL breached its duty of reasonable care owed to the Plaintiffs and was negligent in one or more of the following ways: failing to routinely and regularly inspect, repair, and maintain its furniture in a reasonably safe condition on a scheduled basis; failing to take proper precautions for the safety of its passengers using its furniture; failing to take proper precautions to prevent passengers from using its furniture that was not properly maintained and/or safe for use; failing to have adequate policies and procedures in place for

inspecting, repairing, and/or maintaining its furniture; failing to have adequate policies in place for crewmembers to conduct a reasonable safety inspection of the onboard furniture; failing to routinely or reasonably repair the onboard furniture that is in RCCL's possession and control; failing to correct the condition of the chair through repair or replacement; failing to properly warn passengers, including WALKER, of the dangerous condition of the onboard furniture; failing to warn passengers, including WALKER, of the lack of routine and reasonable inspection, maintenance, and/or repair of the onboard furniture; failing to warn passengers that the chairs and furniture are in disrepair and are not inspected and are unsafe; creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant and/or should have been known by the Defendant in the exercise of reasonable care; creating a dangerous condition by selecting and providing a defective onboard furniture; failing to adequately train its crew to inspect, repair, and/or maintain its furniture in a safe manner; failing to establish, implement, and enforce adequate policies and procedures for adequate inspection and maintenance and use of the chair prior to it collapsing; failing to generate and require reasonable and adequate records of inspection and maintenance of the furniture including the subject chair; failing to document the individual inspections of the chairs; failing to replace the subject chair on a regular, time basis or on a needed basis after regular inspection; failing to have in place a regular maintenance program for the chairs onboard the subject ship; failing to provide a program or method of operation where the chairs onboard the ship are routinely inspected, repaired, maintained and/or replaced; failure to remove chairs which are not regularly inspected or are in disrepair; failing to provide a safe place for passengers to sit onboard the subject ship; failing to abide by the manufacturer's guidelines, industry standards, and specifications for safe use of the chair; and failing to employ sufficient crewmembers and/or adequately trained staff to properly inspect, repair and/or maintain the onboard furniture.

29.    **PROXIMATE CAUSE.** RCCL's negligence proximately caused severe and permanent injuries to WALKER on July 23, 2022. Had RCCL exercised reasonable care for the safety of its passengers, WALKER would have never sat on the defective chair that collapsed. Therefore, WALKER would have never fallen and been injured.

30.    **DAMAGES.** RCCL's negligence proximately caused permanent injuries and damages to WALKER in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. WALKER has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and to the extent applicable any state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO MAINTAIN

31.     The Plaintiff, WALKER, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

32.     This is an action against RCCL for its negligent failure to maintain the chair in the sitting area near Dog House food station onboard the *RCCL Ovation of the Seas* in a safe manner.

33.     **DUTIES OWED BY RCCL.**  RCCL owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. RCCL owes a duty as a common carrier to its passengers to maintain the furniture onboard its ships in a manner safe for passenger use. RCCL's duty of care includes maintaining the chairs onboard the *RCCL Ovation of the Seas* in a manner safe for passenger use, including the chair the Plaintiff used on July 23, 2022.

34.     RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs **17-22** above and incorporated herein.

35.     **RCCL BREACHED ITS DUTIES.**   RCCL breached its duty to maintain the furniture onboard the *Ovation of the Seas* in a safe manner.  RCCL breached its duties to WALKER by its actions and conduct. RCCL breached its duty of care by failing to properly inspect, maintain and/or repair the subject chair before it collapsed underneath WALKER on July 23, 2022. RCCL breached its duties by allowing the subject chair to remain in an unmaintained and dangerous condition susceptible to collapse beneath passengers; by failing to fix and/or replace the subject chair before it could collapse and cause injury to passengers including WALKER; by failing to adhere to industry standards, customs, and regulations which govern the maintenance of fixtures and furniture like the chairs in the public sitting area near the Dog House food station; by failing to inspect the subject area frequently enough to remedy, maintain, and/or repair the dangerous condition of the subject chair; by carelessly allowing an ongoing, repetitive, continuous, and/or

12

recurring problems and dangers to occur or to remain in or around the subject area which would cause incidents or injuries; by failing to comply with RCCL's own standards on safe operation and maintenance with respect to the chairs in the public sitting area near the Dog House food station; and/or by failing to otherwise make safe the chair at and/or before the time of the subject incident.

36. **PROXIMATE CAUSE.**   RCCL's failure to maintain the furniture on board the *Ovation of the Seas* in a safe manner on July 23, 2022, proximately caused WALKER's injuries. The subject chair within the public sitting area was defective and in a condition foreseeably dangerous to passengers sitting on it in that it was improperly inspected and/or maintained so that it was unable to hold passengers foreseeable weight, such as WALKER, without collapsing.  Had RCCL taken reasonable actions and not breached its duties as described above then this incident would have been prevented.  As a result of RCCL's failures, the subject chair collapsed beneath WALKER resulting in WALKER suffering severe and permanent injuries.

37. **DAMAGES.**   RCCL's negligence proximately caused permanent injuries and damages to WALKER in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. WALKER has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and to the extent applicable any state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in

the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT III**
**NEGLIGENT FAILURE TO WARN**

38.     The Plaintiff, WALKER, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

39.     This is an action against RCCL for its negligent failure to warn passengers, including the Plaintiff, of the dangerous conditions onboard the *RCCL Ovation of the Seas*.

40.     **DUTIES OWED BY RCCL.**  RCCL owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. RCCL owes a duty of reasonable care under the circumstances. RCCL's duty of care includes warning of dangerous conditions on board the *RCCL Ovation of the Seas*. This includes a reasonable duty to warn the Plaintiff and other passengers about the dangerous condition of furniture and fixtures like chairs which are poorly maintained and capable of collapsing beneath passengers, including the chair the Plaintiff used on July 23, 2022.

41.     RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs **17-22** above and incorporated herein.

42.     **RCCL BREACHED ITS DUTIES.** RCCL breached its duty of care by failing to properly, adequately, and/or reasonably warn the Plaintiff of the dangerous conditions that being the

dangerous chair in the public sitting area near the Dog House food station, by failing to put up warning tape around the chair so it would be known that the chair was not safe to sit upon; by failing to provide adequate, reasonable warnings through video and/or printed media specific enough to communicate exactly where passengers should be careful when sitting and using furniture including the subject chair; by failing to provide a simple verbal warning to Plaintiff through crewmember(s), such as the safety officer, who knew the subject chair was not safe to sit upon; by failing to warn the Plaintiff that the chairs onboard are not reasonably or routinely inspected, maintained, replaced, and/or repaired; and/or by otherwise failing to warn Plaintiff adequately to the danger of the chair which collapsed beneath her.

43. **PROXIMATE CAUSE.** These breaches of RCCL's duty of care under the circumstances proximately caused this incident and the injuries suffered by the Plaintiff. But for RCCL's failure to warn, this incident would not have happened. Had Plaintiff received a warning regarding the dangerous chair, the lack of maintenance performed by RCCL, or had RCCL put up warning tape to block off access to the subject chair until it could be fixed or replaced, the Plaintiff would have chosen somewhere else to sit and this incident would not have occurred.

44. **DAMAGES.**  RCCL's negligence proximately caused permanent injuries and damages to WALKER in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. WALKER has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and to the extent applicable any state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT IV**
**NEGLIGENT DESIGN, CONSTRUCTION AND SELECTION OF MATERIALS**

45.     The Plaintiff, WALKER, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

46.     This is an action against RCCL for the negligent design, construction and/or selection of the subject chair in the sitting area near Dog House food station onboard the *RCCL Ovation of the Seas*.

47.     **DUTIES OWED BY RCCL.** RCCL owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. RCCL owes a duty as a common carrier to its passengers to design, construct and/or select furniture safe for passenger use onboard its ships. RCCL's duty of care includes designing, constructing and/or selecting chairs onboard the *RCCL Ovation of the Seas* that are safe for passenger's foreseeable use, including the chair the Plaintiff used on July 23, 2022.

48.     The *RCCL Ovation of the Seas* is a cruise ship which was custom built to the specifications of RCCL and first put into service on or about February 18, 2016. The *Ovation of the*

*Seas* has a capacity for over 4000 passengers. As part of its regular operation of the *Ovation of the Seas* RCCL must select and maintain furniture, including chairs, which are commonly found at public sitting areas near bars and restaurants aboard *RCCL Ovation of the Seas*. At all times material hereto RCCL purchased, controlled the purchase, and/or had the right to inspect and/or reject any and all chairs and furniture which were outfitted on the *RCCL Ovation of the Seas* during initial construction and during all dry docks thereafter. RCCL, at all times material hereto, was the only entity in control of the subject chair which was a fixture of the ship exclusively operated by RCCL. At all relevant times, the subject chair was exclusively RCCL's responsibility to upkeep and maintain. At all times RCCL had the ultimate control over the furniture selected and placed onboard its ships. Thus, RCCL owed its passengers a reasonable duty to select and/or install chairs safe for use including before and through the date of the subject incident in this case.

21.     The design, construction and selection of furniture onboard, including the subject chair was unreasonably dangerous. Each of the legs of the chair is angled out away from the chair. That means that whenever anyone sits in the chair, an angled and a shearing or twisting force (torque) is asserted on the bolt which holds the leg to the seat. Over time, those angled forces on the bolts attaching the legs causes the metal to fatigue, crack, and eventually fail by shearing off the bolt. This process takes place over time with the incidents of stress on the chair, that is, people sitting on the chair. When any of the bolts fail, the leg which is being held on by that bolt will come loose and the chair will tilt and fall forward or backward depending on whether the failed leg is in front or back of the chair.

49.     RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs **17-22** above and incorporated herein.

17

50. **RCCL BREACHED ITS DUTIES.** RCCL breached its duty of care owed to Plaintiff and was negligent by approving, designing, constructing, and/or selecting the furniture for the subject area, including the subject chair. RCCL failed to design, construct, and select materials for the subject area, including the subject chair, in compliance with industry standards. Because RCCL had the ultimate control over the design, construction and selection of furniture for its ships, RCCL could refuse to approve the design, construction and selection of furniture, including the subject chair. Despite that, the furniture RCCL selected and used to near the Dog House food station was unreasonably dangerous. This approved, designed, constructed and/or selected furniture was not safe for passengers, including the Plaintiff, to use in a foreseeable manner.

51. **PROXIMATE CAUSE:** RCCL's negligent design, construction and selection of furniture proximately caused Plaintiff's injuries.  Had RCCL properly designed, constructed and selected the furniture onboard, including in the subject chair, Plaintiff would never have sat in a dangerous chair that collapsed. Plaintiff, therefore, would never have fallen to the ground and been injured.

52. **DAMAGES.**  RCCL's negligence proximately caused permanent injuries and damages to WALKER in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. WALKER has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and to the extent applicable any state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT TRAINING OF PERSONNEL

53.      The Plaintiff, WALKER, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22 above.

54.      This is an action for negligence due to RCCL's negligent training of shipboard crewmembers. The cruise line is directly negligent for failing to train its shipboard crewmembers.

55.      **DUTIES OWED BY RCCL.** RCCL owes a duty to exercise reasonable care for the safety of its passengers. RCCL owes a duty of reasonable care under the circumstances. RCCL's duty of care includes training its crewmembers to inspect, maintain, repair and/or replace furniture onboard and warn passengers about dangerous conditions onboard the *RCCL Ovation of the Seas* including the dangerous condition on Deck 15 where the subject chair collapsed and caused Walker to fall and be injured.

56.      RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs **17-22** above and incorporated herein.

57.     RCCL should have become aware and could have easily observed that it had failed to properly train its crewmembers given that the crewmember(s) failed to inspect, maintain, replace and/or repair the subject chair.

58.     RCCL should have become aware and could have easily observed that it had failed to properly train its crewmembers given that the crewmember(s) failed to properly warn passengers of the dangerous conditions on board the RCCL *Ovation of the Seas*, including where the subject chair collapsed and injured the Plaintiff.

59.     **RCCL BREACHED ITS DUTY.** RCCL breached its duty of care owed to Plaintiff and was negligent by failing to reasonably train its crewmembers to inspect  the onboard furniture on a regular basis, maintain the furniture, including the subject chair, in a reasonably safe condition, cordon and/or block off defective chairs to prevent passengers from sitting on dangerous furniture and warn passengers the furniture can be dangerous when not properly inspected, maintained, repaired and/or replaced. RCCL failed to comply with industry standards regarding how to train its crewmembers to inspect, replace, repair and maintain the onboard furniture and warn passengers of the dangerousness of the onboard furniture. RCCL failed to ensure the implementation or operation of its training programs related to onboard furniture inspections, maintenance, repair and/or replacement.

60.     At the time the subject chair collapsed, the crewmember that was responsible for warning, repairing, replacing, maintaining, and inspecting the onboard furniture failed to do so. Because that crewmember was not properly trained Plaintiff fell and was injured on July 23, 2022.

61.     **PROXIMATE CAUSE:** RCCL's failure to properly train its crewmembers proximately caused Plaintiff's injuries. Had RCCL properly trained its crewmembers on how to inspect onboard furniture on a regular basis, maintain, replace and/or repair the onboard furniture,

warn passengers the furniture can be dangerous, and cordon and/or block off areas with defective furniture, including the subject chair, Plaintiff would never have sat in the defective chair that collapsed. Plaintiff therefore would never have fallen onto the hard floor surface or been injured.

62.     **DAMAGES.**  RCCL's negligence proximately caused permanent injuries and damages to WALKER in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. WALKER has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and to the extent applicable any state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By:      *s/ Lisa Goodman*
**LISA C. GOODMAN, ESQ.** (FBN 118698)
lgoodman@hickeylawfirm.com
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Counsel for the Plaintiff*